IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 09-695 |
| | : | |
| RUBEN RODRIGUEZ | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez** **September 2, 2026**

Ruben Rodriguez seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) on the ground that he is serving an "unusually long sentence" based on a career offender enhancement that would not be imposed today in light of intervening changes in the decisional law. Rodriguez also seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to United States Sentencing Guidelines. Because Rodriguez is not eligible for relief on either ground, his motions will be denied.

**BACKGROUND**

In May 2010, Rodriguez pled guilty to one count of attempted possession with intent to distribute 500 grams or more of cocaine. In anticipation of sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR), which calculated Rodriguez's advisory sentencing range under the Sentencing Guidelines. Because of his prior convictions for controlled substance offenses, Rodriguez was classified as a career offender and assigned an offense level of 37 under the career offender Guideline.[1] PSR ¶ 25. After a three-level reduction for timely acceptance of responsibility, Rodriguez's total offense level was 34. *Id.* ¶¶ 26-28. He was assessed a total of 20 criminal history points, including two "status points" imposed because he committed

[1] Absent the career offender enhancement, Rodriguez's base offense level would have been 28 based on the quantity of drugs involved in the offense. PSR ¶ 19.

the offense in this case while on parole in another case. *Id.* ¶¶ 31-44. Rodriguez's 20 criminal history points placed him in criminal history category VI, which was also mandatory due to his career offender designation. *Id.* ¶ 44. With an offense level of 34 and a criminal history category of VI, Rodriguez's advisory Guidelines range was 262 to 327 months. *Id.* ¶77. In February 2011, the Honorable Petrese B. Tucker, to whom the case was then assigned, sentenced Rodriguez to 262 months of imprisonment. ECF No. 36.

Rodriguez filed a direct appeal, but his judgment of conviction and sentence was affirmed in June 2012. *United States v. Rodriguez*, 485 F. App'x 548 (3d Cir. 2012). His subsequent efforts to obtain post-conviction relief from his sentence have also been unsuccessful. *See* ECF Nos. 46, 51, 60, 71, 73.

**DISCUSSION**

Rodriguez seeks a sentence reduction under both 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 3582(c)(2). Because relief is not warranted under either provision, his motions will be denied.

**A. 18 U.S.C. § 3582(c)(1)(A)**

Section 3582(c)(1)(A) permits a court to reduce a term of imprisonment if the reduction "is (1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable." *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable policy statement is U.S.S.G. § 1B1.13, which sets forth a list of circumstances in which "extraordinary and compelling reasons" for a sentence reduction may exist. Rodriguez relies on the "unusually long sentence" provision of the policy statement, which took effect on November 1, 2023, and states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Rodriguez argues that due to changes in the decisional law, at least two of the prior drug convictions on which his career offender designation was based would no longer qualify as predicate controlled substance offenses, such that he would not be classified as a career offender if sentenced today. He maintains the disparity between the career offender sentence he received in 2011 and the sentence he would receive without the enhancement qualifies as an extraordinary and compelling reason warranting a sentence reduction.

The Government disputes Rodriguez's assertion that the prior drug convictions used to enhance his sentence would not qualify as convictions for a controlled substance offense under current law. The Court agrees and will deny his motion for compassionate release on this basis.[2]

To qualify as a career offender, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Rodriguez's PSR identified three qualifying drug convictions: two on November 6, 1995, stemming from separate arrests on May 6, 1994 and January 5, 1995, and a third on July 17, 2000, stemming from an arrest on May 4, 1999. PSR ¶ 25. All three were Pennsylvania state court convictions for

---

[2] The Government also argues Rodriguez is not entitled to relief based on the "unusually long sentence" provision because the Sentencing Commission exceeded its authority in adopting the provision. The Supreme Court accepted a version of this argument in *Rutherford v. United States*, holding the provision is invalid insofar as it would permit eligibility for compassionate release based on a sentencing amendment that Congress has declined to make retroactive. 146 S. Ct. 1320, 1330-35 (2026). Because the Court agrees Rodriguez would still be a career offender under current law, it need not decide whether *Rutherford* extends to changes in decisional law, an issue which has not been briefed.

manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance (cocaine), in violation of 35 Pa. Stat. § 780-113(a)(30). *See id.* ¶¶ 31-34, 39-40.

Courts apply the categorical approach to determine whether a prior conviction qualifies as a "controlled substance offense" for purposes of the career offender Guideline. *United States v. Lewis*, 58 F.4th 764, 767 (3d Cir. 2023). Under this approach, a court must determine whether the elements of the crime of conviction fall within the bounds of the Guidelines definition of a "controlled substance offense." *United States v. Hurtt*, 105 F.4th 520, 523 (3d Cir. 2024). If the statute of conviction "sweeps more broadly than the [Guidelines definition], then a conviction under that statute cannot serve as a predicate offense." *Id.* (quoting *United States v. Brasby*, 61 F.4th 127, 132 (3d Cir. 2023)); *see also United States v. Glass*, 904 F.3d 319, 321 (3d Cir. 2018) ("A state conviction cannot qualify as a 'controlled substance offense' if its elements are broader than those listed in § 4B1.2(b)."). For purposes of the career offender Guideline, a controlled substance offense is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b)(1).

Rodriguez argues his convictions under 35 Pa. Stat. § 780-113(a)(30)[3] do not qualify as convictions for a controlled substance offense because the Pennsylvania statute is "overbroad" in two ways: (1) it defines cocaine more broadly than the federal Controlled Substances Act (CSA),

[3] Although Rodriguez focuses on only two of his convictions under § 780-113(a)(30), ECF No. 77 at 2, the same analysis applies to all three.

and (2) it criminalizes mere offers to sell. As the Government notes, however, the Third Circuit Court of Appeals has rejected both arguments.

Rodriguez's first argument fails because a "controlled substance" for purposes of the definition of a "controlled substance offense" in U.S.S.G. § 4B1.2 is not limited to drugs regulated by the federal CSA, but includes drugs "regulated by *either* federal or state law." *Lewis*, 58 F.4th at 768-71. Thus, while Rodriguez is correct that "Pennsylvania's definition of cocaine is facially broader than the definition of cocaine in the CSA," *United States v. Myrick*, No. 19-354, 2023 WL 2351693, at *3 (E.D. Pa. Mar. 2, 2023), this fact is irrelevant, as a "controlled substance offense" includes offenses involving drugs regulated under state law. *See Lewis*, 58 F.4th at 771.

As to Rodriguez's argument that the statute of conviction is overbroad because it reaches mere offers to sell, the Third Circuit rejected this argument in *United States v. Glass*, holding a mere offer to sell drugs is *not* impliedly included in § 780-113(a)(30). 904 F.3d at 322. That holding is binding on this Court and forecloses Rodriguez's argument.[4]

Finally, insofar as Rodriguez indirectly suggests § 780-113(a)(30) is overbroad because it reaches the attempted transfer of a controlled substance,[5] the Third Circuit has rejected this

[4] The Court of Appeals has continued to adhere to *Glass*, declining entreaties to re-examine its holding based on an intervening, not-precedential decision in which a panel of the Pennsylvania Superior Court offered a contrary interpretation of the statute. *See United States v. Magobet*, No. 23-2824, 2024 WL 3617296, at *3 (3d Cir. Aug. 1, 2024); *United States v. Brown*, No. 23-2296, 2024 WL 2953127, at *3 & n.3 (3d Cir. June 12, 2024).

[5] *See* ECF No. 77 at 3 (citing *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), holding a conviction under a West Virginia statute which criminalized an attempt to deliver a controlled substance did not categorically qualify as a "controlled substance offense" under the career offender Guideline); *id.* at 5 (citing *United States v. Espy*, No. 18-332, 2022 WL 247833, at *1-2 (W.D. Pa. Jan. 27, 2022), holding the offense of attempted transfer of a controlled substance under 35 Pa. Stat. § 780-113(a)(30) is not an inchoate offense but a completed offense that qualifies as a "controlled substance offense").

argument as well. *See United States v. Dawson*, 32 F.4th 254, 258-60 (3d Cir. 2022). Section 780-113(a)(30), as noted, prohibits the "manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance." For purposes of the statute, the term "delivery" means "the actual, constructive, or attempted transfer from one person to another of a controlled substance." 35 Pa. Stat. § 780-102(b). In *Dawson*, the Third Circuit rejected the argument that § 780-113(a)(30) is overbroad because it criminalizes the attempted transfer of a controlled substance, holding drug delivery is not an inchoate crime but "a complete offense, whether it is committed via actual or attempted transfer of drugs." 32 F.4th at 259.

Because Rodriguez has not shown there has been a change in the decisional law that would disqualify his prior drug convictions as predicate controlled substance offenses, he has not established a basis for a sentence reduction under the "unusually long sentence" provision of § 1B1.13(b)(6). His motion for compassionate release will therefore be denied.

**B. 18 U.S.C. § 3582(c)(2)**

Section 3582(c)(2) permits a court to reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," but only if "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement is set forth in U.S.S.G. § 1B1.10, which "contains its own, more specific requirements for a sentencing reduction." *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017). To qualify for a reduction under that provision, a defendant must rely on a guideline amendment that the Sentencing Commission has made retroactive, and the amendment in question must "have the effect of lowering the defendant's applicable guideline range." *Id.* (quoting U.S.S.G. § 1B1.10(a)(2)(B)).

Amendment 821 made two changes to the Sentencing Guidelines that apply retroactively. Part A of Amendment addresses criminal history "status points," which are points added if the defendant committed the offense of conviction while under another sentence. Part A eliminates status points for defendants with six or fewer criminal history points, and reduces the number of status points that may be assigned for defendants with seven or more criminal history points from two to one. *See* U.S.S.G. Supp. to App. C, Amend. 821. Part B, Subpart 1 of the Amendment provides for a two-level decrease in offense level for defendants who did not receive any criminal history points (so-called "zero-point offenders") and whose offense of conviction did not involve certain specified aggravating factors. *See id.*

Because Rodriguez received criminal history points, he does not qualify as a zero-point offender, and Part B, Subpart 1 of Amendment 821 is inapplicable. Part A of the Amendment applies to Rodriguez and would reduce the number of status points he received from two to one, thereby reducing his total criminal history points from 20 to 19. However, this change would have no effect on Rodriguez's criminal history category, which would still be VI with or without the career offender enhancement. As such, Amendment 821 does not have the effect of lowering Rodriguez's applicable guideline range, and he is not eligible for a sentence reduction based on the Amendment.

**CONCLUSION**

Because Rodriguez has not shown relief is warranted under either 18 U.S.C. § 3582(c)(1)(A) or 18 U.S.C. § 3582(c)(2), his motions for a sentence reduction under these provisions will be denied. An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.